RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0020p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICHARD COOEY, et al.,

*Plaintiffs,*

KENNETH BIROS,

*Intervenor Plaintiff-Appellee,*

*v.*

TED STRICKLAND, Governor; TERRY COLLINS,
Acting Director; EDWARD VOORHIES, Warden; and
JAMES S. HAVILAND, Warden,

*Defendants-Appellants.*

No. 06-4660

Filed: January 16, 2007

## ORDER

PER CURIAM. On December 8, 2004, Richard Cooey filed a complaint in the United States District Court for the Southern District of Ohio challenging Ohio's protocol for executing capital offenders through lethal injection. Since that time, eight other inmates have successfully intervened in that action. Of those eight, three have previously requested stays of execution and come before our court: John Hicks' request was denied by the district court and denied on appeal, No. 05-4489; Jeffrey Don Lundgren's request was granted by the district court but vacated on appeal, No. 06-4374; and Jerome Henderson's request was denied by the district court but granted on appeal, No. 06-4527. Another panel of our court presently has before it John Spirko's request for a stay of his scheduled execution on April 17, 2007 (which was denied by the district court on November 22, 2006), in No. 06-4655. And in this case the State has asked us to vacate the district court's grant of a stay of Kenneth Biros's scheduled execution on January 23, 2007, in No. 06-4660.

All of these cases share at least two merits questions in common. *See McPherson v. Mich. High Sch. Ath. Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (noting that in determining whether a preliminary injunction is appropriate the district court must determine whether the State (or capital defendant) "has a strong likelihood of success on the merits") (internal quotation marks omitted). One: did the capital defendant file his § 1983 question within the applicable statute-of-limitations period? Two: does Ohio's lethal-injection procedure satisfy the requirements of the Eighth and Fourteenth Amendments to the United States Constitution? A negative answer to the first question precludes a court from reaching the second question. And the first question (the statute-of-limitations question) turns in large part on when the two-year limitations period begins to run—at the end of the defendant's direct review, at the end of the defendant's state-law post-conviction review, at the end of the defendant's federal habeas review or at some other time.

1

At the district court level, Judge Frost has allowed all of these capital defendants, including Biros, to intervene in the *Cooey* case—presumably so that the United States District Court for the Southern District of Ohio can resolve these merits questions efficiently and consistently. In the underlying *Cooey* decision, Judge Frost issued a decision on March 28, 2005, concluding that the limitations period begins to run "when the execution becomes imminent and the plaintiff knows or has reason to know of the facts giving rise to his specific challenges." Op. & Order at 12, *Cooey v. Taft*, No. 2:04cv1156 (March 28, 2005). The State appealed that decision, and it is now before a panel of this Court in No. 05-4057.

Of the capital defendants who have intervened in the *Cooey* litigation, three have filed stay motions with respect to impending execution dates that have prompted rulings from our court. In the first case, *Hicks v. Taft*, No. 05-4489, the capital defendant sought to intervene in the *Cooey* case six days before his scheduled execution and to seek a stay in connection with the lethal-injection litigation involved in that case. Both the district court and a panel of our court denied the stay requests, and the State executed Hicks.

In the second case, *Lundgren v. Taft*, No. 06-4374, the capital defendant was permitted to intervene in the *Cooey* litigation and the district court granted a stay of execution based in part on its March 28, 2005 ruling on the statute-of-limitations accrual issue (*i.e.*, holding that Lundgren did not face a statute-of-limitations bar) and based in part on its views regarding the constitutionality of Ohio's lethal-injection procedure. Op. & Order at 2, 11, *Cooey v. Taft*, No. 2:04cv1156 (Oct. 17, 2006) ("The growing body of evidence calling Ohio's lethal injection protocol increasingly into question compels this conclusion."). When the State filed a motion to vacate the injunction, a panel of this court issued a decision referring the stay motion to the panel that had been assigned the underlying appeal in the *Cooey* case. In doing so, the court reasoned as follows:

> In order to insure the consistent, uniform and fair application of federal law in all such lethal injection cases before the Court, and in deference to the first panel heretofore assigned to decide the issue, we transfer this case to the aforementioned panel, subject to that panel's acceptance of the case for decision along with similar other cases raising the question of the constitutionality of Ohio's method of imposing capital punishment by lethal injection. It would be grossly unfair for different panels of this Court to reach opposite conclusions on the issue of the constitutionality of Ohio's method of lethal injection so that some capital defendants are put to death by lethal injection while others similarly situated are spared.

Decision at 2 (Oct. 23, 2006). After the *Cooey* panel received the case, it granted the State's motion to vacate the stay of the execution date by a 2-1 vote that day, and the State executed Lundgren.

In the third case, *Henderson v. Taft*, No. 06-4527, the district court rejected the capital defendant's motion to stay his execution date of December 5, 2006. When Henderson filed a motion to stay the execution date in this court, a panel of this court declined to refer the case to the *Cooey* panel and by a 2-1 vote it granted the motion on December 1. Henderson's execution thus was stayed.

Today we have the fourth case, *Biros v. Strickland*, No. 06-4660. In this case, the district court on December 21, 2006 granted Biros's motion to stay his scheduled execution date of January 23, 2007. Late on the evening of January 5, 2007, the State filed a motion to vacate the stay.

We have two paths open to us—either refer the State's motion to the *Cooey* panel (as the *Lundgren* court did) or decide the motion ourselves (as the *Henderson* court did). For two reasons, we choose to refer the motion to the *Cooey* panel.

*First*, we agree with *Lundgren*'s reasoning that one panel of this court should be reviewing these related motions. Just as one district court judge has been asked to reach a decision in each of these cases with respect to the common issues among them, so one panel of this court should be asked to decide the merits of the *Cooey* case and the stay-related motions that have arisen in connection with it. That is the only way, as the *Lundgren* panel presciently noted, that the court can ensure "consistent, uniform and fair application of federal law in all such lethal injection cases before the Court." Decision at 2.

*Second*, both the *Lundgren* and *Henderson* panel stay decisions came before the *Cooey* panel had heard oral argument in the underlying merits case. The *Cooey* panel heard oral argument in the case on December 7, 2006; it has tentatively voted on the case; and at some point it will release a decision in the case. Because the *Cooey* panel will resolve the very merits question that underlies the State's motion and Biros's response—namely, who has a likelihood of success on the merits?—it makes particular sense to give that same panel this stay motion. Not just our best efforts at issuing consistent decisions as a court, but judicial economy as well, favor asking the panel that is most intimately familiar with the underlying merits issues to resolve this motion.

Accordingly, in deference to the *Cooey* panel's knowledge of the underlying merits of this stay motion, its prior resolution of the *Lundgren* stay motion, its capacity to resolve related stay motions consistently and its responsibility for issuing a merits decision in the *Cooey* case, we transfer the State's stay motion in this case to the panel in No. 05-4057, subject to that panel's acceptance of the case.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk